## DEVIN v. MCCOY, TRUSTEE.

[No. 7,743.  Filed February 21, 1911.  Rehearing denied May 9,
1911.  Transfer denied June 30, 1911.]

1.  WILLS.—*Construction.*—*Purpose.*—The object of construing a
will is to determine the testator's intention.  p. 381.

2.  WILLS.—*Trusts.*—*Termination.*—A trust created by a will be-
queathing and devising to testator's two grandchildren the share
that their deceased father would have received, "subject to the
conditions hereinafter named," and providing for a trustee to
take and to hold such property for such children "until the con-
tingencies named in the next succeeding clause of the will, in the
meantime using of the profits thereof enough only for their edu-
cation and economical support," and providing that "if [plain-
tiff] dies before he has children born unto him, his share of
[testator's] estate shall go to his sister,  *  *  *  if she sur-
vives him," is not a spendthrift trust, and terminates upon the
birth of a child to the plaintiff.  pp. 381, 382.

3.  WILLS. — "*Contingencies.*" — *Meaning of.* — The word "contin-
gencies," as used in a will providing that the trustee shall hold
certain property "until the contingencies named," imports some
future event that may or may not occur.  p. 382.

4.  APPEAL.—*Mandate.*—*Death.*—Where appellant died before his
appeal was decided, the judgment will be made as of the date
of submission.  p. 383.

From Gibson Circuit Court; *Herdis Clements*, Judge.

Suit by Elmer G. Devin against John R. McCoy, as trus-
tee of Elmer G. Devin and others.  From a judgment for
defendant, plaintiff appeals.  *Reversed.*

*M. M. Bachelder, W. W. Medcalf* and *John H. Miller,* for
appellant.

*John R. McCoy, O. M. Welborn* and *J. E. McCullough,*
for appellee.

LAIRY, J.—This suit was brought by appellant against
appellee, for the purpose of obtaining an accounting by John
R. McCoy, trustee under the will of Nancy Devin, deceased,
and praying that said trustee be ordered to turn over to
appellant the property in his hands, upon the theory that

the trust created by the terms of said will had terminated before the commencement of the suit.

Items five, six and seven of the will of Nancy Devin create the trust here under consideration. It is necessary to the decision of this case that a construction be placed on this part of the will, and therefore we set out these items in full.

"Item 5.   All the residue of my estate and personal property shall be divided equally among my children, Susan E. Ragland and Sallie Devin, and my two grandchildren, Nellie R. Devin and Elmer G. Devin, to receive the same share that would have descended to James A. Devin (now deceased), who was their father, and to take and receive under this will subject to the conditions hereinafter named.

Item 6.   I hereby nominate and appoint Henry L. Wallace as trustee for Nellie and Elmer, and for each of them, who shall take and hold and manage such of my estate as is given to said grandchildren, until the contingencies named in the next succeeding clause of the will, in the meantime using of the profits thereof enough only for their education and economical support, having view of the probable value of their inheritance.

Item 7.   If Nellie R. Devin dies before she has children born unto her, her share of my estate shall go to her brother, Elmer, if he survives her.  If Elmer dies before he has children born unto him, his share of my estate shall go to his sister, Nellie, if she survives him, but if they both die without having children born to them, their shares shall be distributed to the other beneficiaries of item five of this will."

The complaint sets out the will, and alleges that it was duly probated after the death of the testator; that Henry L. Wallace, who was named as trustee therein, died, and that John R. McCoy was, by the Gibson Circuit Court, appointed his successor; that appellant was lawfully married on October 9, 1909, and that a child was born to him, by virtue of said marriage, which was still living at the time the suit was commenced.

A demurrer for want of facts sufficient to state a cause of action was sustained by the trial court, and this is the only error relied on for reversal.

It is contended by the attorneys for appellee that the ruling of the lower court is correct, for the reason that the complaint shows that the trust created by the will of Nancy Devin had not terminated when this suit was commenced. They take the position that the trust created by said will was a spendthrift trust, that it was intended to continue during the life of Elmer Devin, and that it cannot, by the terms of the will creating it, terminate before his death. Appellant contends that the trust was terminated, so far as Elmer Devin was concerned, before the action was commenced, by the marriage of Elmer Devin and the birth of a child as shown by the complaint.

When did the testatrix intend that the trust created by her will should terminate? This is the decisive question in this case. In construing a will, effect should be given to the intention and purpose of the testator, if this can be gathered from the terms of the will. Was it the purpose of the testatrix in creating said trust to provide for the maintenance of appellant during his life, and at the same time to secure it against his improvidence and incapacity, and preserve the property unimpaired to his heirs? If so, the trust would continue during the life of the *cestui que trust,* and the position of appellee should be sustained. We cannot think that the provisions of the will creating this trust indicate such an intention. Item six of the will does not expressly provide that the trustee shall hold the estate given to Nellie Devin and Elmer Devin during their lives, or the life of either of them; but it does provide that he shall hold and manage such estate until the contingencies arise that are named in the next succeeding clause of this will, in the meantime, using of the profits thereof enough only for their education and economical support, having in view the probable value of their inheritance.

A contingency is some future event that may or may not occur. It is evident that the testatrix had in mind some such

event, upon the happening of which the trust was to terminate. Item seven of the will is not entirely clear as to the contingency referred to in item six. It provides that "if Nellie Devin dies before she has children born unto her, her share of my estate shall go to her brother, Elmer, if he survives her. If Elmer dies before he has children born unto him, his share of my estate shall go to his sister, Nellie, if she survives him, but if they both die without having children born to them, their shares shall be distributed to the other beneficiaries of item five of this will."

If we should hold that the termination of the trust depended upon the death of the *cestui que trust,* this would be to say that the termination of the trust depends upon the happening of an event that is a certainty and not a contingency. If we should give the will this construction, the contingency that appellant might or might not have a child or children born to him before his death would have no effect in hastening or delaying the time of the termination of the trust, as the trust would terminate at such death, regardless of whether or not he had children born during his lifetime.

To our mind the provisions of the will under consideration do not evince an intention on the part of the testatrix to create a spendthrift trust. We do not think it was her intention to tie up the property in the hands of the trustee during the life of her grandchildren, for the purpose of providing for their maintenance, and at the same time securing it against their extravagance or improvidence. The provisions of item seven seem rather to indicate that it was her purpose to control the ultimate disposition of her property, so that it might not go to strangers or depart from those of her own blood, and that she created this trust for the purpose of securing this end. The provisions of this item in her will indicate that she contemplated that one or both her grandchildren might marry and die without

issue, and that the property, if given to them absolutely, would go to the surviving husband or wife, to the exclusion of the kindred, who were of the blood of the testatrix. To prevent this result, she placed the property willed to her grandchildren in the hands of a trustee, and provided that he should take, hold and manage it until the happening of a contingency which would prevent this result. True, the birth of a child might not absolutely prevent this result, for such child might die before its parent, and the *cestui que trust* thus die childless. This consideration does not, however, change our opinion as to the purpose of the testatrix in creating the trust, as she was no doubt willing to risk the possibility of the child's outliving the parent. She evidently intended that if either of said grandchildren married and had a child born, this contingency should terminate the trust as to him, and he would be entitled to the property willed to him. We therefore hold that the complaint shows that the trust, as far as appellant is concerned, was terminated before this suit was commenced, by the happening of the contingency provided for in item seven. The demurrer to the complaint should have been overruled.

The death of appellant has been suggested, to the court, and the judgment in this case is reversed as of the date of submission.